FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

2016 JUL 27  P 3: 32

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

STARSHA M. SEWELL,                          *

    Plaintiff,                               *

                                             *

v.                                          *          Case No.: GJH-16-2458

                                             *

DAVID WAGNER,                               *

    Defendant.                               *

*    *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM OPINION

The above-captioned matter was filed on June 30, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff, Starsha M. Sewell, appears to be indigent, her motion shall be granted, but for the reasons that follow the Complaint must be dismissed.

The self-represented pleading is entitled Notice of Removal[1] and seeks enforcement of an Order previously issued by this Court remanding a case that Plaintiff attempted to remove from the Maryland Court of Special Appeals. *See Sewell v. Howard*, No. JFM-12-2736 (D. Md. 2012) at ECF No. 3. Plaintiff appealed that decision to the Fourth Circuit Court of Appeals and it was affirmed in an unpublished opinion. *See Sewell v. Howard*, Slip Op. No. 14-1231 (unpublished) (4th Cir. 2014); *see also* ECF No. 1-2. The state case Plaintiff attempted to remove to this Court concerned the custody of her children and was remanded because this Court does not have jurisdiction over the subject matter of the underlying case.

Plaintiff now appears to allege that both this Court's Order and the Fourth Circuit's

---

[1] From the context of the Complaint, there does not appear to be an underlying open state case that Plaintiff is attempting to remove to this Court.

decision affirming it required the Maryland state courts to hear her claims regarding a vast conspiracy and public corruption she believes exists and involves the Prince George's County States Attorney, the Prince George's County Police Department, the judge who heard the child custody case, Child Protective Services, the Department of Social Services, and the FBI, among others. The named Defendant in this action, David Wagner, appears to be the attorney who represented Plaintiff's ex-spouse in the child custody proceedings. While there are no allegations against Wagner in the Complaint, Plaintiff's claim for relief as to Wagner is for this Court to issue an Order requiring "the FBI to hold David Wagner accountable for conspiring with Artemis Moutstatous and [Prince George's County Department of Social Services] workers against the rights of my minor African American Christian male sons in violation of Sarbanes Oxley 18 U.S.C. [§] 1519, [the Racketeer Influenced and Corrupt Organizations ("RICO")] Act [18 U.S.C. § 1961 *et seq.*], and 18 U.S.C. [§] 242."[2] ECF No. 1 at 11. Other relief sought by Plaintiff includes ordering the return of her children to her custody because the state court judge violated the remand order; ordering the State of Maryland to repay child support from funds in the "victim's crime board"; ordering the Office of Personnel Management to remove adverse information from Plaintiff's credit report and employment file; and damages of $100 million. *Id.*

Plaintiff filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551

---

[2]     Review of the exhibits submitted by Plaintiff reveals that her primary grievance regarding the underlying child custody case is that her report of sexual abuse of her children to Child Protective Services did not result in the criminal prosecution of the children's father. ECF 1-1 at pp. 1 -4.

U.S. 89, 94, 127 S. Ct. 2197 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Even when the instant Complaint is afforded liberal construction, it fails to state a claim upon which relief may be granted. The prior Order issued by this Court remanding a case that Plaintiff improperly attempted to remove contained no directive to the state court that instilled any enforceable right to Plaintiff or her ability to continue litigating her claims in that forum. This Court has no jurisdiction to issue a writ of mandamus commanding a state court to entertain a motion or cause of action. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361. Thus, the Orders of this Court and the Fourth Circuit cannot be read to mandate the Maryland courts to hear Plaintiff's claims.

The Complaint also contains no factual allegations regarding the named Defendant, but instead is a recitation of Plaintiff's now familiar theories of conspiracy and public corruption which she faults for, in essence, every adverse decision or action taken against her. To the extent that the Complaint seeks a mandate requiring law enforcement agencies to initiate criminal prosecution against this Defendant, Plaintiff has no enforceable right to insist upon such action.

3

*See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146 (1973) (citizens lack standing to contest the policies of the prosecuting authority when he himself is neither prosecuted or threatened with prosecution); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir.1988) (no right to force state to prosecute others under equal protection clause).

The Complaint also seeks to revisit a matter over which this Court does not have jurisdiction: the custody of Plaintiff's children. Domestic relations cases, including child custody matters, may not be heard in this Court. *See Raftery v. Scott*, 756 F. 2d 335, 343 (4th Cir. 1985) (explaining the domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger, more direct interest); *Wasserman v. Wasserman*, 671 F. 2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights); *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)) (noting federal courts "generally abstain from hearing child custody matters"). It is clear in reading the self-represented pleading filed in this case that the matter of the custody of Plaintiff's children is inextricably intertwined in every aspect of the claims asserted.

Accordingly, because the Complaint fails to state a claim upon which relief can be granted, it will be dismissed by separate Order to follow.

Dated: July __27__, 2016

_____
GEORGE J. HAZEL
United States District Judge

4